| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br><br> JOHN P. FAZZIO, ESQ. (1752) <br> Fazzio Law Offices <br> 164 Franklin Tpke <br> Mahwah, NJ 07430 <br> Ph: 201-529-8024, Fax: 201-529-8011 <br> *Pro Se* | **CERTIFICATION OF COUNSEL** |
| In re: <br><br> **John P. Fazzio** | **Case No.:** 19-00116-RG <br><br> **Judge:** Hon. Rosemary Gambardella, U.S.B.J. <br> **Hearing Date:** August 5, 2019 |

## CERTIFICATION IN OPPOSITION TO ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ISSUED

I, **JOHN P. FAZZIO, ESQ.** do hereby certify the following in lieu of oath or affidavit

1. I am the Defendant in the above-captioned matter.

2. I make this Certification in Response to the Order to Show Cause issued in the above-captioned action as to why sanctions should not be imposed for failure to file a list of creditors as required by Fed.R.Bankr.P. 1007(a)(1).

3. My understanding of the procedure in the United States Bankruptcy Court for the District of New Jersey for compliance with Fed.R.Bankr.P. 1007(a)(1) had been that uploading creditors via ECF, which creates a PDF when a Query is run on Pacer for List of Creditors, satisfied the requirements of the rule based on both bankruptcy practice and the prior instructions of the Bankruptcy Court Clerk regarding the requirements for a petition to be accepted as filed.

4. I was confused by notices requesting the Upload of a Creditor Matrix. At my firm, while we only file a handful of bankruptcies, we utilize NextChapter Bankruptcy software and rather than automatically downloading the full petition, it separates out the Creditor Matrix as a .TXT file. Each time I have filed a bankruptcy petition, I have went back in to try to separately upload the .TXT file through the "Upload a Bankruptcy" tab in PACER, but always

1

received a "string error" message. Thus, I wrongly assumed that I had completed the filings properly, that there was no way to upload this document, and was unaware that there was another way to upload this file under the "Creditor Maintenance" tab. But, after contacting NextChapter Support and the local PACER e-help desk in response to this motion, I now understand the correct process and have properly uploaded the Creditor Matrix for the impacted open cases to correct the deficiency.

5. As of today's date, I have uploaded a List of Creditors as a .TXT file to each of the cases listed on the Order to Show Cause (except those already closed) as set forth *infra.*

6. *In re Joseph Bertuglia*, Case No.: 19-23195 (RG), on 7/05/19 a PDF of the List of Creditors was filed/uploaded, and on 8/03/19 a .TXT List of Creditors was uploaded.

7. *In re Susan Kicska*, Case No.: 19-23313 (SLM), on 6/20/19 a PDF of the List of Creditors was filed/uploaded, and on 8/03/19 a .TXT List of Creditors was uploaded.

8. *In re Roy Ostrom*, Case No.: 19-19016 (JKS), on 5/02/19 a PDF of the List of Creditors was filed/uploaded, and on 8/03/19 a .TXT List of Creditors was uploaded. Anecdotally, I filed this Ch. 7 Bankruptcy Petition due to a pending Sheriff's Sale and the need for the debtor to avail himself of the automatic stay, but immediately turned the case over to experienced bankruptcy counsel Ted Maciag, who has since substituted in and for which there is a pending motion to convert the case to a Ch. 11, filed as of July 25, 2019. This case involves a property for which a modification was offered, but was unable to made permanent due to an existing tax lien, and a parallel Offer-in-Compromise to the New York State Department of Taxation & Finance – each of which prevents the other settlement from finalizing – thus, necessitating the need for bankruptcy intervention to allow the debtor to successfully navigate a settlement of these two competing creditor claims without losing valuable property rights and/or facing undue harassment and prejudice in the debtor/creditor context.

9. *In re Regina G. Graziadio*, Case No.: 18-32460 (VFP), on 11/12/2018 a PDF of the List of Creditors was filed/uploaded, a discharge granted on 2/22/2019, and the case closed on 3/07/2019. Thus, going back to upload a .TXT List of Creditors at this stage was not logical. This was a case in which the debtor was attempting to workout a foreclosure situation, which

ultimately resolved by abandoning and vacating the property at a mutually agreed to time.

10. *In re Sabahat Khan*, Case No.: 17-27188 (SLM), on 08/24/2017 a PDF of the List of Creditors was filed/uploaded, and the case was dismissed on 9/14/2017. Thus, going back to upload a .TXT List of Creditors at this stage was not logical. This was a case in which the debtor was attempting to workout a foreclosure situation, which ultimately resolved by abandoning and vacating the property at a mutually agreed to time.

11. As the Order to Show Cause did not cite a rule or statute under which the Court is proceeding regarding imposition of sanctions, I understand the Court to be proceeding under its inherent authority.

12. The basis for sanctioning an attorney under the Court's inherent authority is as follows:

> In addition to the sanctioning authority expressly conferred by statutes and court rules, the federal courts "possess certain 'inherent powers … to manage their own affairs so as to achieve the orderly and expeditious disposition of cases,' *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)), including "the ability to fashion an appropriate sanction for conduct which abuses the judicial process," *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)); *see also Chambers*, 501 U.S. at 45-46 (including a federal court has inherent power to assess the attorney's fees when a party "**has acted in bad faith, vexatiously, wantonly, or for oppressive reasons**" or "**shows bad faith** by delaying or disrupting the litigation or by hampering enforcement of a court order" (internal quotation marks and citations omitted)).

(Emphasis added); *See Klein v. Weidner*, No. CF 08-3798, 2017 WL 2834260, at *3 (E.D. Pa. June 30, 2017).

13. As set forth *supra*, I did not act in bad faith, vexatiously, wantonly, or for oppressive reasons, and did not show bad faith by delaying or disrupting litigation or enforcement of a court order.

3

14. I reasonably understood that I was complying with Fed.R.Bankr.P. 1007(a)(1) based on both bankruptcy practice and the bankruptcy software I was utilizing. I now know that my understanding was *wrong and was not in compliance with .txt upload of the List of Creditors Matrix – I now understand the mistake and will correct it going forward.*

15. When I was notified that my filing procedures were not considered by the Bankruptcy Court to be in compliance with Fed.R.Bankr.P. 1007(a)(1), I contacted NextChapter to determine how to correct the problem and inquired at the local PACER e-help desk to go over how to properly undertake "Creditor Maintenance" within the software, and, once informed of the correct procedure, took corrective action within a reasonable time to cure the deficiencies.

16. For the aforementioned reasons, I respectfully submit that I have demonstrated cause why an order should not issue for sanctions in this matter.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                        Respectfully submitted,

            by:  /s/ John P. Fazzio
                  John P. Fazzio, Esq.
                  *Pro Se*

Date: August 3, 2019

**Creditors Receipt**

Case Number  2:19-bk-23195
Total Creditors Added to Database 16

File A Proof Of Claim
Return To Creditor Maintenance Menu